## SMITH v. WASHINGTON NAT. INS. CO.
### No. 5544.

Court of Appeal of Louisiana. Second Circuit.

Oct. 29, 1937.

Rehearing Denied Dec. 3, 1937.

Bryan E. Bush, of Shreveport, for appellant.

W. W. McDonald, of Shreveport, for appellee.

HAMITER, Judge.

Application was made by plaintiff on April 4, 1936, for the issuance by defendant of its "Peerless Policy" providing indemnity for loss of life or time by either accident or sickness, and for loss of limb

or sight by accidental means. At the same time payment of the sum of $4.60 was made to defendant's duly authorized agent, and a receipt issued therefor reading in part as follows:

"Application Receipt

"$4.60 4/4 1936

"Received of J. R. Smith an application for a policy in the Washington National Insurance Company, and the sum of four dollars 60/100 Dollars, being payment in advance of the monthly premium upon the policy so applied for. Should said Company decline to issue a policy thereon within twenty days from date hereof, I hereby agree to refund the above amount to said applicant.

"W. P. Leonard by H. H. Cobb Solicitor."

The desired policy was issued by defendant company under date of April 11, 1936, at which time the insurance protection began. It provides that: "In consideration of the payment of the premium of Four & 60/100 Dollars per month as herein required and the statements in the application for this policy, a copy of which is endorsed hereon and made a part of this contract, the Company does hereby insure James Robert Smith (hereinafter called the Insured), the person described in said copy of the application, by occupation a cook & supervisor, with duties as therein described, under classification C, subject to all the conditions and limitations hereinafter contained, from 12 o'clock noon, Standard Time of the place where Insured resides, of the day this policy is dated, until 12 o'clock noon, such Standard Time, of the first day of May, 1936, and for such further periods of one calendar month each as the premiums paid will maintain this policy in force."

The insuring clause reads:

"This policy insures against (1) loss or disability resulting directly, and exclusive of all other causes, from bodily injuries effected during the life of this policy solely through external, violent and accidental means (suicide, sane or insane, is not covered), said bodily injuries being hereinafter referred to as 'such injuries' and * *

"Principal Sum Nine Hundred Dollars.

"Monthly Accident Indemnity Ninety Dollars. * * *"

On the morning of May 9, 1936, plaintiff arose from bed and journeyed from his dwelling into the rear yard for the purpose of obtaining some wood. During the course of this journey he stepped on a nail which penetrated one of his feet to a considerable depth. As a result of the accident he experienced blood poisoning and was physically disabled from working for a period of 61 days.

Subsequently, proof of claim was duly made regarding the injury, but defendant failed to compensate plaintiff. This suit was later instituted.

In his petition, plaintiff alleges the issuance of the policy on April 11, 1936, the payment in advance of the first full monthly premium of $4.60 that was due thereunder, the occurrence, cause, and result of the above-mentioned accident, the extent of his disability, the furnishing of proof of the injury, and defendant's failure to pay the claim. The policy is attached to and made a part of his petition. He asks judgment for indemnity for a period of 61 days, under the provisions of the policy, or the amount of $183. He also prays for double indemnity and, attorney's fees under the provisions of Act No. 310 of the Louisiana Legislature of 1910.

Defendant first filed exceptions of no cause and no right of action. These were overruled. It then answered, denying any indebtedness unto plaintiff, admitting the issuance of the policy, and alleging that there was no liability under the contract for the reason that pursuant to the terms thereof it expired at 12 o'clock noon, Standard time, May 1, 1936, on plaintiff's failure to pay an additional premium on or before that date, and that the accident, if there was one, occurred subsequent to May 1, 1936.

After a trial of the merits there was judgment in plaintiff's favor in the sum of $183 with 5 per cent. per annum interest thereon from December 4, 1936 (the date of judicial demand), until paid in full, and all costs of suit. His demands for penalties and attorney's fees under Act No. 310 of 1910 were rejected. Defendant appealed from the judgment. Plaintiff has answered the appeal asking that the amount awarded be increased to include the aforementioned penalties and attorney's fees.

Defendant's exceptions of no cause and no right of action are not urged in this court, and we shall consider them as having been abandoned.

The primary question in the case may be stated as: Had the policy become forfeited, because of nonpayment of prem-

iums, prior to plaintiff's sustaining of his injury?

It is undisputed that the premium payment by plaintiff of $4.60 on April 4, 1936, or at the time of the making of his application, was the only premium paid in connection with the policy; that the entire sum was received, accepted, and retained by defendant company; and that such payment equaled the amount of the regular monthly premium provided for in the policy contract.

The position of defendant is that the policy expired by its own terms and limitations on May 1, 1936, because of plaintiff's failure to pay an additional or second premium on or before that date, notwithstanding the fact that the contract became effective on April 11, 1936, and a regular monthly premium thereunder had been paid to and retained by defendant. Plaintiff's contention is that he paid the premium for a full month's insurance, and that he was insured under the policy from its effective date of April 11, 1936, until May 11, 1936, and that this period included the date on which the accident occurred.

 Under any theory of the case, it is our opinion that plaintiff is entitled to recover disability benefits. If it be considered that the aforequoted policy provision relating to the duration period is ambiguous, then the ambiguity must be resolved against the insurer and in favor of the insured. Corp'n of Roman Catholic Church of Eunice v. Royal Ins. Co., 158 La. 601, 104 So. 383. The provision would then be construed as meaning that for the payment of the month's premium plaintiff was entitled to the stipulated indemnity from the effective date of the contract until May 1, 1936, and for such additional time which, when added to the elapsed period, would constitute a full month.

 On the other hand, if the provision in question is not deemed ambiguous, and the contract is construed as providing for a termination of the protection on May 1, 1936, unless another full monthly premium was paid on or prior to that date, then it must be held that defendant waived the privilege of so terminating it by accepting the sum of $4.60 as the first premium, and is estopped to deny that the policy was in force and effect on the occurrence of the accident. Because of plaintiff's paying the regular monthly premium when his application was submitted, we must assume that he intended to purchase insurance protection for a full month. The protection began on April 11, 1936, the date of the policy, and in consideration of the issuance of the policy defendant received, accepted, and retained that full monthly premium. If the insurer intended to provide plaintiff with insurance for a period of less than a month, or from April 11 to May 1, it should have accepted only the portion of the premium necessary to purchase protection for that period of time and refunded the balance. There was no such refund made. Defendant sold and received payment for and plaintiff purchased a month's insurance, and the insurer must abide by this business transaction.

 In his brief, counsel for defendant states that when the provisions of an insurance contract are plain and unambiguous, it is the function and duty of the court to enforce the contract as written, and argues that for the court to hold the defendant liable in this case the contract must be rewritten for the parties. We are cognizant of the general principle of law that a contract of insurance, like every other contract, is the law between the parties, and every stipulation therein must be construed as written. But that doctrine has not been and will not be applied by the courts to contracts where a contravention of the principle of public policy is effected. If defendant did not insure plaintiff for a full month on his paying a month's premium, then it has wrongfully and illegally converted to its own use the unearned portion of the paid premium. Suppose, for the sake of argument, that the effective date of the policy had been April 29, 1936, and it expired under its own provisions two days thereafter, or on May 1, 1936. Could it be correctly held that plaintiff, after having paid a month's premium, was entitled to protection for only two days? Good conscience and ordinary justice dictate a negative answer to that question.

No cases analogous to the instant one have been cited by counsel for either party litigant and our diligent search of the jurisprudence of this and other states has revealed none. Our conclusion that plaintiff is entitled to be compensated for his disability is predicated on the foregoing reasons which we consider sound.

 Since the question here presented appears to be res novo in this state, we think that the trial judge properly refused

to impose penalties and attorney's fees, under Act No. 310 of 1910.

The judgment appealed from is affirmed, with costs.