FOURNET, Justice.
 

 This suit was instituted by Louis Hemel to recover damages to his automobile (allegedly resulting from a fire in his motor) on an insurance policy issued by the State Farm Mutual Automobile Insurance Company and the case is now before us on a writ of certiorari issued by this court on the application of the defendant insurer to review the judgment of the Court of Appeal for the Parish of Orleans reversing the judgment of the district court dismissing the plaintiff’s suit and rendering judgment in favor of the plaintiff in the sum of $490.78, with interest and costs.
 

 The plaintiff based his action oh the comprehensive clause of the policy wherein the insurer agreed to “pay for loss of or damage to the automobile due to any cause, except collision or upset.”
 

 The defendant, on the other hand, contends that the damage to the motor was caused by a mechanical breakdown, a risk specifically excluded under the terms of the policy.
 

 The policy in question is styled NATIONAL STANDARD COMBINATION AUTOMOBILE POLICY, affording to the insured, as the title indicates, a combination of insuring agreements covering various risks and hazards in the operation of a car for a stated premium. In the pre
 
 *100
 
 amble it is provided that the insurer "Does hereby agree with the insured * * * in consideration of the payment of the premium and of the statements contained in the Declarations and subject to the limits of liability, exclusions, conditions, and other terms of this policy.” Immediately following, under the heading INSURING AGREEMENTS are listed the risks and hazards covered by the policy. In the paragraph titled “Coverage C-Comprehensive” the insurer agrees “To pay for loss of or damage to the automobile due to any cause, except collision or upset. * * At the end of these coverage clauses are listed, under the heading appropriate thereto, EXCLUSIONS. Among these is to be found the stipulation that “This policy does not apply: *■ * * (i) Under Coverage C * * * to mechanical or electrical breakdown * *
 

 While three members of the Court of Appeal agreed that the loss was occasioned by a
 
 mechanical breakdown
 
 in the motor of the plaintiff’s car and that he should be entitled to recover for such loss, each member of the court assigned different reasons for reaching this conclusion.
 

 The presiding judge, who was the author of the main opinion, concluded that as the terms of the policy were ambiguous, in that “In Coverage ‘C’ the insurer assumes the risk of all damage to the insured’s automobile from ‘any cause’ except collision and upset and in the exclusion clause there is contained a denial of this comprehensive coverage because of other exceptions which render the coverage much less comprehensive,” [25 So.2d 358] the defendant was liable.
 

 One of the concurring opinions is based on the fact that in the opinion of the author the provision excluding coverage loss due to mechanical breakdown is so ambiguous, besides being repugnant to, contradictory of, and inconsistent with the comprehensive coverage clause “C,” as to render the same unenforceable.
 

 The other judge found nothing ambiguous in either the exclusion or comprehensive clause but felt that if the defendant intended to rely on the exclusion clause, it was its duty to either show that all of the damage was caused by mechanical breakdown or show what part of the damage was so caused and, having failed to do this, it was liable for the entire loss.
 

 “An insurance policy is a contract and the rules established for the construction of written instruments apply to contracts of insurance.” 14 R. C. L. 925, § 102. See, also, Wallace v. Insurance Co., 4 La. 289; Parks v. Hall, 189 La. 849, 181 So. 191. Effect must be given to every part of the agreement if it is possible and while it is the universal rule of construction that all ambiguities must be construed in favor of the insured and against the insurer, when the intent of the parties is evident from the terms of the contract there is nothing for the court to construe and the policy must be given a reasonable interpretation con
 
 *102
 
 sonant with the apparent object and plain intent of the parties. See, Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A.L.R. 1075.
 

 These rules are sound and have for their foundation the pronouncements to be found in our Revised Civil Code. In Article 1945, to be found in Section 5 of Chapter 3 of Title IV under the heading “Of the Interpretation of Agreements,” it is provided that “courts are bound to give legal effect to all * * * contracts according to the true intent of all the parties,” and such “intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences.” In arriving at the intent of the parties “All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act.” Article 1955. It is only when a clause is susceptible of two interpretations that it must be understood in the sense in which it may have some effect rather than in a sense that would render it nugatory (Article 1951) and onfy in doubtful cases that the agreement must be interpreted against the party who contracted the obligation. Article 1957.
 

 Comprehensive coverage is a comparatively recent development in automobile insurance and Appleman in his work on Insurance Law and Practice in discussing this phase of insurance, says: “Most companies have now adopted the policy of writing what is termed ‘comprehensive’ coverage, which is for the purpose of including all property damage to an automobile,
 
 other than mechanical breakdown,
 
 exclusive of collision losses. It includes all of the older coverages * * * such as fire, theft, damages caused from force of the elements, and, in addition, many new losses never before contemplated by any coverage whatever. It is a simple and convenient form of insurance, in that it eliminates any necessity of determining overlapping of fire and theft coverages, and when there is a question as to whether a loss is due to collision or other means, if the-insured carries both collision and comprehensive, any debate becomes unnecessary, except as to the deductible provisions of the policy.” Vol. 5, § 3222, p. 375. (Italics ours.)
 

 We think the evidence supports the conclusion of the Court of Appeal that’ the plaintiff’s loss was due to a mechanical breakdown but we cannot subscribe to the court’s conclusion that the terms of the policy are ambiguous. When consideration is given to the entire policy contract, effect being given each clause, it is our opinion that such loss or damage to the subject automobile was a risk clearly and specifically excluded from coverage.
 

 It is argued, however, that since in the comprehensive clause it is declared the insurer agrees to pay for damage to the subject automobile due to
 
 any cause
 
 except those caused by collision or upset, that any further exception in the policy, such as is found in this policy under the heading EX
 
 *104
 
 CLUSIONS, is not only contradictory and inconsistent with the comprehensive clause but is a trap to the unwary and, consequently, should be construed against the insurer.
 

 Under the facts of this case the plaintiff’s contention is untenable for as was very aptly pointed out by Chief Justice Hughes of the United States Supreme Court in the case of Williams v. Union Central Life Insurance Co., 291 U.S. 170, 54 S.Ct. 348, 352, 78 L.Ed. 711, 92 A.L.R. 693, “While it is highly important that ambiguous clauses should not be permitted to serve as traps for policyholders, it is equally important, to the insured as well as to the insurer, that the provisions of insurance policies which are clearly and definitely set forth in appropriate language, and upon which the calculations of the company are based, should be maintained unimpaired by loose and ill-considered interpretations.”
 

 The face of the policy in this case shows that the limit of the company’s liability against each coverage shall be as stated therein and subject to all of the terms thereof having reference thereto, and, as previously pointed out, in the very preamble the insured’s attention is called to the fact that the coverages included in the insuring agreements are “subject to the limits of liability, exclusions, conditions, and other terms of this policy.” The coverage clauses as well as the exclusions and conditions of the policy are all written in the same size type and are separated under the respective headings. These are in the same boldfaced type in the center of the contract, thus, INSURING AGREEMENTS — EXCLUSIONS — CONDITIONS. These provisions and their respective heads are all given the same uniform prominence and it is difficult for us to conceive in what manner the insured could have been trapped if he read the provisions of his contract. This is not comparable to a contract where the coverages are given in bold type or in a conspicuous part of the contract while the limitations and exclusions are in some inconspicuous part in much smaller type, more difficult to read, and are couched in language that might be misleading to the average person.
 

 For the reasons assigned the judgment of the Court of Appeal for the Parish of Orleans is annulled and set aside and the judgment of the district court dismissing the plaintiff’s suit at his cost is affirmed.
 

 McCALEB, J., recused.