REGAN, Judge.
Plaintiff, Paul A. 'Boudreaux, instituted this suit against the defendants, Henry Heymann and his liability insurer, Agricultural Insurance Company, endeavoring to recover workmen’s compensation in the amount of $35.00 per week for 400 weeks, plus medical expenses, resulting from an injury which he asserts was incurred during the course and scope of his employment as a domestic servant for Pleymann.
Each of the defendants filed motions for summary judgment; the insurer’s motion -was predicated on the fact that a “Homeowner’s Policy” of insurance issued by it to Pleymann did not cover his liability for workmen’s compensation. In support thereof, this defendant introduced a copy of the policy into the record.
Subsequently, plaintiff filed a supplemental petition asserting in the alternative that if his employment was found to be non-hazardous, then Heymann was insured by Agricultural Insurance Company for the payment of workmen’s compensation to him.
Agricultural Insurance Company’s motion for summary judgment was granted, and the lower court rendered judgment in its favor dismissing plaintiff’s suit.
From the foregoing judgment, the plaintiff has prosecuted this appeal.
The record, which consists, in cases of this nature, of the plaintiff’s verified petition and the affidavits filed in support of the defendants’ motions for summary judgment, reveals that on or about August 23, 1963, the plaintiff was employed by the defendant to serve in his residence as a domestic servant, and his duties entailed the performance of services as a butler, chauffeur, and janitor. The defendant has certain tools and appliances located in his home which he uses in the pursuit of his hobby of electronics. The plaintiff, on the above date, injured his back while moving one of these appliances. The record is devoid of any proof that these tools or appliances were, in .any manner, used in connection with a business operated by the-defendant, who has been retired for a period in excess of two years. There is also an absence of evidence .even tending to reveal that the plaintiff was injured in the course and scope of a business in which his employer was engaged.
Since the lower court rendered judgment merely in favor of Agricultural Insurance Company, the only question posed for our consideration is whether that insurer is liable to the plaintiff for workmen’s compensation under its “Homeowner’s Policy” written in favor of Heymann.
The relevant portions of the policy read as follows:
“1. COVERAGE E — COMPREHENSIVE PERSONAL LIABILITY : (a) Liability: To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, * * *.
*14 * * * * * *
“(d) under Coverages E and F, to bodily injury to any person (1) if the Insured has in effect on the date of the occurrence a policy providing workmen’s compensation or occupational disease benefits therefor, or (2) if benefits therefor are in whole or in part either payable or required to be provided under any workmen’s compensation or occupational disease law, but this subdivision (2) does not apply with respect to Coverage E unless such benefits are payable or required to be provided by the Insured; * *
Plaintiff contends that exclusion (d) (2) has the effect of providing compensation benefits to him by virtue of the provisions of LSA-R.S. 23:1166.[1] In other words, plaintiff’s novel-like argument, as we understand it, is that the last clause of the exclusion provides for compensation benefits if such benefits are not required to be provided by the insured. Thus, plaintiff insists that while the policy may exclude coverage for hazardous employment, it affords coverage for non-hazardous employment because of the rationale of LSA-R.S. 23 :1166.
It is almost self-evident that a “Homeowner’s Policy” does not encompass workmen’s compensation benefits. It is not so designated nor does its language lend it to such an interpretation. The Workmen’s Compensation Statute requires that a compensation policy be approved by the Insurance Commissioner,[2] and that it contain certain specific stipulations.[3] This policy is not subject to such approval, nor does it contain the required provisions. Instead, it is simply a homeowner’s policy which covers, insofar as this suit is concerned, the personal liability of the insured.
The policy makes no distinction between the employees of the insured and other persons. It covers the insured’s personal liability to both employees and the general public. Considered from this aspect, an analysis of exclusion (d) as to compensation benefits will reveal no ambiguity.
Exclusion (d) (1) excludes coverage for injuries to the insured’s employees if the insured possesses a workmen’s compensation policy. Exclusion (d) (2) eliminates coverage when the insured is legally obligated to carry workmen’s compensation, but has omitted to do so. If the exclusion went no further, there would be a total elimination of personal liability in any case where the injured person was covered by workmen’s compensation, carried either by the insured or by a third party employer. However, the last clause of the exclusion affords coverage for personal liability where the injured party is not covered with compensation by the insured. Accordingly, if the employee of another is injured through the insured’s negligence while on his premises, the policy would not deny personal liability coverage. This is the obvious meaning of exclusion (d), and it is well settled that the policy must be construed so as to afford a reasonable interpretation of all of its provisions.[4]
Plaintiff insists that the final clause of the exclusion provides for compensation benefits when the insured is not legally obligated to do so, and that LSA-R.S. 23:1166, *15 quoted elsewhere herein, is applicable to this situation. A cursory examination of this statute reveals that it merely estops an insurer from questioning the hazardous nature of the employment when it has issued a policy covering injuries to employees that arise within the scope of the employer’s business. It creates no new obligations on the part of the employer, and it does not require him to provide compensation where the employees are not engaged in a hazardous employment.
The policy, which forms the subject of this litigation, does not afford compensation benefits, whether the insured is or is not legally obligated to provide therefor. Coverage E of the policy requires the insurer to pay only such sums as the insured shall be personally obligated to pay, either ex delicto or in those relatively rare instances where Louisiana law creates liability without fault. In no event, however, can it be argued that this coverage offers workmen’s compensation benefits.
Moreover, LSA-R.S. 23:1166 applies only to insurance policies which provide for injuries to employees that may “arise within the scope of the employer’s business”. Read in context, this statute contemplates a policy issued for the purpose of meeting the employer’s obligations under the compensation act. It does not apply to a policy which merely covers the insured’s personal liability.
To reiterate for the purpose of emphasis, the policy in question is, as its title and contents indicate, a homeowner’s policy, which includes, among other things, coverage for the personal liability of the insured. It excludes any coverage for the payment of workmen’s compensation, and also limits its coverage for personal liability when the insured either provides or is legally required to provide workmen’s compensation insurance. The application of LSA-R.S. 23:1166 is limited to policies of insurance issued for the purpose of meeting the employer’s obligations in conformity with the compensation act, and creates no new obligation on the part of an employer to possess insurance for the protection of employees not engaged in a hazardous employment. In no event does the policy afford coverage unless the insured is legally obligated to respond for a loss resulting from bodily injury or property damage ex delicto or by virtue of legally imposed liability without fault. ,
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiff is to pay all costs incurred herein.
Affirmed.

.“When an insurance company issues a policy of insurance to an employer covering claims for injuries to employees that may arise within the scope of the employer’s business, the insurance company shall be estopped to deny liability on the grounds that the employment was not hazardous and during the period such insurance is in effect, claims for injuries occurring during such period by such employees against the employer or the insurance company shall be exclusively under the workmen’s compensation act. Added Acts 195S, No. 495, § 1.”

. LSA-R.S. 23 :1161.

. See LSA-R.S. 23 :1162.

. Hemel v. State Farm Mut. Auto. Ins. Co., 211 La. 95, 29 So.2d 483 (1947).