SAVOY, Judge.
Plaintiff .appealed from a judgment of the district court maintaining an exception of no cause of action filed by the St. Landry Police Jury and dismissing his suit as to said Jury.
For a cause of action plaintiff alleged that on December 17, 1966, he was injured in an accident which occurred as a result of being struck by a vehicle driven by Murphy Richard while he (plaintiff) was crossing Louisiana Highway 397 as a pedestrian. Plaintiff alleged that the accident was caused by numerous acts of negligence on the part of Richard.
Made defendants were the St. Landry Parish Police Jury, owner of the vehicle involved in the accident; Richard, a member of the St. Landry Parish Police Jury (who it is alleged permitted Richard to drive the said vehicle), and the U. S. Fidelity and *386 Guaranty Company, liability insurer of the vehicle belonging to the Police Jury.
To this suit the St. Landry Parish Police Jury filed a peremptory exception of no cause of action as permitted by Section (4) of LSA-C.C.P. Article 927. The exception was maintained by the trial judge, without written reasons, and judgment was rendered dismissing plaintiff’s suit as to the St. Landry Parish Police Jury.
In brief submitted by counsel for the Jury, he states that the judgment of the district court should be affirmed for the reason that the Police Jury is a subdivision of the State of Louisiana and is immune from suits in tort while acting in a governmental capacity or function.
We are of the opinion that the trial judge was in error in maintaining the exception of no cause of action. It may be that the grounds advanced by counsel for the Jury for maintaining the exception of no cause of action might be a valid defense of the case on the merits, but, still we believe the plaintiff is entitled to his day in court because of the allegations contained in his petition. It is not incumbent upon plaintiff to allege in his suit that the Police Jury was not engaged in a governmental function at the time of the accident. This is a matter of defense which must be urged by the Jury in its answer to the suit.
For the purpose of determining the issues raised by an exception of no cause of action, all well-pleaded facts in the petition must be accepted as true.
In the case of Acadia-Vermilion Rice Irrigating Co. v. Broussard, 175 So.2d 856 (La.App. 3 Cir. 1965), this Court said:
“ * * * As we stated in Babineaux v. Southeastern Drilling Corporation, 170 So.2d 518, ‘an exception of no cause of action must be overruled unless the showing affirmatively establishes that under no evidence admissible under the pleadings does the plaintiff have a cause of action; that is, unless the allegations’ showing ex-eludes every reasonable hypothesis of facts other than those showing that the plaintiff cannot recover as a matter of law.’ ”
See also Stanley v. Missouri Pacific Railroad Company, 179 So.2d 490 (La.App. 3 Cir. 1965), and Blanchard v. Employers Liability Assurance Corporation, 197 So.2d 386 (La.App. 2 Cir. 1967).
For the reasons assigned the judgment of the district court maintaining the exception of no cause of action filed by the St. Landry Parish Police Jury is reversed, and the case is remanded to the district court for further proceedings. Costs of court to await final determination of the matter.
Reversed and remanded.