237 So.2d 730 (1970)
Matt WEST, Jr., Plaintiff-Appellant,
v.
CITY OF VILLE PLATTE et al., Defendants-Appellees.
No. 3141.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1970.
Rehearing Denied July 24, 1970.
*731 Taylor & Trosclair, by Earl B. Taylor, Opelousas, for plaintiff-appellant.
Preston N. Aucoin, Ville Platte, Donald V. Organ, and C. Monk Simmons, III, New Orleans, for defendants-appellees.
Before TATE, HOOD, and CULPEPPER, JJ.
TATE, Judge.
The plaintiff West sues for damages arising out of an allegedly unlawful arrest and a beating connected therewith. The arresting officers were policemen of the City of Ville Platte. The plaintiff sues the city, the policemen (Chapman and Aucoin), and the city's general liability insurer (LaSalle). The trial court dismissed the suit, and the plaintiff West appeals.
In dismissing the suit, the trial court (1) sustained an exception of no right and no cause of action filed by the city and its policemen and (2) granted a motion for summary judgment filed by LaSalle.

1.
The exception of "no right or cause of action" was essentially based upon the city's immunity from suit. The trial court erred in sustaining it.
An exception of no right of action is a threshold device to terminate a suit brought by one without legal interest to assert it. LSA-C.C.P. Art. 927(5), Official Revision Comment (b) (5); Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3d Cir.). The exception is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the suit. Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589. Since under the allegations of the petition the plaintiff has a legal interest in the subject matter of the litigation, the exception of no right of action should be overruled. LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727.
Likewise, the exception of no cause of action must be overruled. It is not incumbent upon plaintiff to allege in his suit that the city is not immune from liability. This is a matter of defense which must be urged by the city in its answer to the suit and not by an exception of no cause of action. Touchet v. St. Landry Parish Police Jury, 216 So.2d 385 (La.App. 3d Cir. 1968).
"An exception of no cause of action must be overruled unless the showing affirmatively establishes that under no evidence admissible under the pleadings does the plaintiff have a cause of action; that is, unless the allegations' showing excludes every reasonable hypothesis of facts other than those showing that the plaintiff cannot recover as a matter of law." Babineaux v. Southeastern Drilling Corp., 170 So.2d 518 (La.App. 3d Cir. 1965).

2.
LaSalle's motion for summary judgment was based upon a policy exclusion clause. It was submitted on the basis of the *732 policy without further supporting affidavit.
LaSalle's contention and our disposition are in the context of the following pleadings:
According to the plaintiff's West's petition, he was lawfully and properly driving his vehicle on the streets of Ville Platte, accompanied by his five year old sister. Chapman and Aucoin, in their capacity as police officers of the defendant city, stopped him, and "without provocation or legal cause" placed him under arrest.
When West insisted "to know why he was being arrested and what was going to happen to his small sister left alone in his car, the said policemen did then and there beat plaintiff on or about the face, head, and body with security clubs, causing plaintiff to be injured * * *" West was then taken to and incarcerated in the Ville Platte City Jail.
West seeks damages for physical and mental pain and suffering and permanent injury arising out of the following wrongful acts of the city and its policemen:
1. Unlawful arrest and detention;
2. Unreasonable, unprovoked, and illegal beating;
3. Unreasonable, unlawful, and excessive use of force; and
4. After plaintiff had been incarcerated, failure to render aid or to secure medical attention for him.
The issue before us concerns construction of an exclusion clause of a liability policy. The principles applicable to construction of insurance policies are not disputed:
In case of ambiguity, the policy provisions are construed most favorably to the insured and against the insurer, and of the permissible constructions that will be adopted which effectuates the insurance over that which defeats it. Schonberg v. New York Life Ins. Co., 235 La. 461, 104 So.2d 171; Stanley v. Cryer Drilling Co., 213 La. 980, 36 So.2d 9.
On the other hand, in the absence of conflict with statute or public policy, insurers have the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations, and in such event unambiguous provisions limiting liability must be given effect. Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A.L.R. 1075.
In the present case, the general liability policy issued to the city by the defendant insurer includes coverage for accidental bodily injury occasioned by the operations of the city's policemen.
The circumstances giving rise to this claim would, when viewed from plaintiff's standpoint, constitute an "occurrence" or "accident" under the policy. From arrest to incarceration, and including the alleged unprovoked assault, the occurrence was, according to the pleadings, totally unforeseen and unexpected by West. Cutitto v. Metropolitan Life Ins. Co., 185 La. 161, 168 So. 761; Knight v. L. H. Bossier, Inc., La.App. 1 Cir., 118 So.2d 700; Jernigan v. Allstate Ins. Co., 269 F.2d 353 (5th Cir. 1959); 10 Couch on Insurance 2d, Sec. 41:6 (1962); 11 Couch on Insurance 2d, Sec. 44:292 (1963).
Defendant insurer moved for summary judgment, relying on the following exclusionary endorsement:
"It is hereby understood and agreed that accidents arising out of an assault or alleged assault provoked or unprovoked by any insured or employee or agent of the insured are not covered by the policy to which this endorsement is attached."
Such endorsements must be read in the context of the entire policy. If this endorsement means anything, therefore, it must mean that the insurer is not liable for accidental damages to third persons, such *733 as West, "arising out of an assault or alleged assault". (The policy specifically excludes coverage for accidental bodily injury to any employee of the city.)
If, then, West's entire claim for damages arises out of the alleged assault, the summary judgment in favor of defendant insurer was proper.
The "plain, ordinary, and everyday meaning of the word `assault'" suggested in brief by defendant insurer is "violent attack with physical means (as blows or weapons)". Accepting this definition, any damages resulting from an unreasonable beating and excessive and illegal use of force arise out of an assault, and hence would be excluded from coverage.
But it is equally clear that the wrongful arrest and detention here alleged did not arise out of the assault. The assault seems rather to have arisen out of the wrongful arrest.
Nor do we think that the damages claimed because of the city's failure to render aid or to secure medical help arose out of the assault. True, the injuries which made the medical assistance necessary arose out of the assault. But the damages claimed on this ground arise rather out of the city's breach of its duty to properly care for prisoners in its custody and unable to obtain proper care for themselves. Cf. La. R.S. 15:703 (1950).
Because the claim is based also upon damages for wrongful arrest and for failure to render aid or to secure medical help, therefore, granting the summary judgment was erroneous. The dismissal of the action against defendant insurer was therefore improper.
Excluded from the insurer LaSalle's liability for damages may be those attributed solely to the unreasonable beating and excessive use of force. Perhaps these damages should be segregated from others claimed, should the plaintiff West prevail on the merits. However, the trial court retains jurisdiction to adjudicate on the claims not subject to the motion for the summary judgment. LSA-C.C.P. Art. 968.

Decree
For the reasons assigned, we reverse the trial court's judgment dismissing the plaintiff West's suit on exceptions and summary judgment. We remand for further proceedings consistent with the views here expressed. The costs of this appeal are assessed one-half to the defendant city (insofar as any are taxable to it by law), and one-half to the defendant insurer. All other costs are to wait the final disposition of these proceedings.
Reversed and remanded.

On Application for Rehearing
En Banc. Rehearing denied.