270 So.2d 280 (1972)
Ignatius ANDRUS, Plaintiff-Appellant,
v.
POLICE JURY OF PARISH OF LAFAYETTE, Defendant,
Maryland Casualty Company, Defendant-Appellee,
Highlands Insurance Company, Defendant-Appellant.
No. 4024.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1972.
*281 Koury, Hill & Moss by John K. Hill, Jr., Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe by Richard C. Meaux, Lafayette, for defendant-appellant.
Mouton & Mouton by Welton P. Mouton, Sr., Bertrand deBlanc, Dist. Atty., Lafayette, for defendant-appellee.
Before FRUGÉ, HOOD and MILLER, JJ.
MILLER, Judge.
The trial court sustained defendant Maryland Casualty Company's motion for summary judgment based on its policy exclusion. Plaintiff Ignatius Andrus and defendant Highlands Insurance Company appeal contending that the policy exclusion does not apply. We affirm.
Maryland Casualty Company's motion to dismiss the appeals was overruled. Andrus v. Police Jury of Parish of Lafayette, 266 So.2d 535 (La.App. 3 Cir. 1972).
Plaintiff alleged that his wife and three children were killed in an automobile accident caused by Lafayette Police Jury's negligence in failing to provide signs and safety devices in an area where a parish road ran dangerously close to the Vermilion river.
Maryland Casualty's relevant policy exclusion provides:
"It is agreed that the insurance does not apply to bodily injury or property damage arising out of
(a) the ownership, maintenance or use of the premises designated in this endorsement or of any property located thereon;
(b) operations on such premises or elsewhere which are necessary or incidental to the ownership, maintenance or use of such premises; or
(c) goods or products manufactured at or distributed from such premises.
* * * *
"DESCRIPTION AND LOCATION OF PREMISES:
Any highway, street, sidewalk, road, bridge, or other public way."
Appellants' contention that the exclusion is inapplicable is divided into three categories. First, the exclusion is too ambiguous to include the alleged negligence. Second, the exclusion does not exclude coverage of the alleged negligence. Third, the case of Snell v. Stein, 261 La. 358, 259 So.2d 876 (1972) effects a change in the jurisprudential rule for policy language construction, and requires a reversal of the trial court judgment.
We reject all three arguments.
*282 The policy exclusions were stated clearly and contained no ambiguity. This court construed a similar exclusion in Foreman v. Maryland Casualty Company, 224 So.2d 553 (La.App. 3 Cir. 1969), a case involving similar facts. We held then as we do now that the exclusion applied. Clear and unambiguous policy provisions are to be enforced as written. LSA-C.C. Art. 1945; Albritton v. Fireman's Fund Insurance Company, 224 La. 522, 70 So.2d 111 (1953); Indiana Lumbermens Mutual Insurance Company v. Russell, 243 La. 189, 142 So.2d 391 (1962); Martin v. Starke, 208 So.2d 723 (La.App. 3 Cir. 1968).
Appellant's second argument is that the exclusion unambiguously reflects the intent of the parties to cover the alleged acts of negligence. It is inferred from the definitions of each term and the syntax of the terms used, that the parties intended to limit the exclusion to liability for injuries arising out of the ownership, maintenance, and use of the premises only insofar as the roads were to be used by the police jury; that use of the premises by others is not excluded.
Appellants distort the intent of the parties by adverting to hypertechnicalities in definitions and syntax. Their means of construing the policy language conflicts with the guidelines for construction established in the jurisprudence that words in an insurance policy are to be understood according to their common and usual signification, without reference so much to grammatical rules as to general and popular usage. Taylor v. State Farm Mutual Automobile Insurance Company, 248 La. 246, 178 So.2d 238 (1965); Conner v. Motors Insurance Corporation, 216 So.2d 555 (La.App. 3 Cir.1968). Rather than to search for hidden subtleties and conjectures, our goal in interpreting policy wording is the ascertainment of the apparent object and plain intent of the parties. Hemel v. State Farm Mutual Automobile Insurance Company, 211 La. 95, 29 So.2d 483 (1947). The apparent object, the plain intent discernible from the words in the contested policy, given their common and usual usage, is the construction advanced by appellee.
In construing insurance policies, considerations should be given to the fact that the insurer has the right to limit its contracted liability. When this limitation is expressed unambiguously in its coverage exclusions, courts will enforce the provisions as written. West v. City of Ville Platte, 237 So.2d 730 (La.App. 3 Cir. 1970). It is inappropriate, moreover, for a court construing an insurance policy provision to attach a strained construction to the words used. Thibodeaux v. Parks Equipment Company, 185 So.2d 232 (La. App. 1 Cir. 1965). In the case at bar, appellants strain the meaning of the words in an effort to turn around the clear intent of the parties. How else than by the use of the premises-hazards method employed, could an insurer collate the vast array of intended exclusions in its comprehensive liability policy issued to a municipality? The risks and hazards are too great in number to list and describe each with the certitude appellants would have us require of the insurer.
It is true that the use of words in the communication of intent is less than perfect, and that some misinterpretation however slight is invariably encountered. These normal shortcomings in communication do not however justify judicial rewriting of insurance policies when there is no real ambiguity. Muse v. Metropolitan Life Insurance Company, 193 La. 605, 192 So. 72, 125 A.L.R. 1075 (1939); J. M. Brown Construction Company v. D & M Mechanical Contractors, Inc., 222 So.2d 93 (La.App. 1 Cir. 1969). We do not find that Snell v. Stein, 261 La. 358, 259 So.2d 876 (1972) requires a reversal of this case. Stein is not the panacea to appellants problems in this case. It was distinguished by the Supreme Court in the holding that the exclusion clause in Stein was less encompassing than that of Foreman v. Maryland *283 Casualty Company, 224 So.2d 553 (La.App. 3 Cir. 1969). See 259 So.2d page 879 for the court's critical distinction.
The exclusion in the case at bar is as broad as that in Foreman. Foreman and Stein are distinguishable in other respects,[1] but the distinction made by the Supreme Court is dispositive of the issue.
The trial court properly sustained the motion for summary judgment on finding that the exclusion deleted coverage for the alleged negligence.
The judgment is affirmed at appellants' costs.
Affirmed.
NOTES
[1] The exclusion in Stein referred to definitions not found in the policy. 259 So.2d 876 at 878.