SARTAIN, Judge.
This case represents an appeal taken by Roland L. Riviere from a judgment granting a motion for summary judgment in favor of American Fidelity Fire Insurance Company, as defendant and third-party defendant, against plaintiffs Agency Management Corporation and Ordoyne P. Griffin; Roland J. Gisclair, individually and on behalf of the minor, Ricky J. Gisclair; and Clovis O. Plaisance, individually and as tutor for the minor, Randall Anthony Plaisance; and against third-party plaintiffs, Roland L. Riviere and New Orleans Skin Diving School, Incorporated.
The case arises as a result of an automobile collision which occurred near Galliano, Louisiana, on or about September 5, 1971, wherein a station wagon owned by New Orleans Skin Diving School, Inc., and driven by Roland L. Riviere, sole stockholder and director of that corporation, collided with another vehicle. It is Riviere’s contention that he was returning from an excursion conducted on behalf of the corporation and in furtherance of the corporation’s business of giving instruction in skin diving activities.
Suits were filed by various plaintiffs against defendants Riviere, the School, and the School’s insurer, American Fidelity Fire Insurance Company, for personal injury and property damage arising as a result of the collision. These suits were consolidated for trial as involving common issues of law and fact.
A third-party demand was filed by defendants Riviere and New Orleans Skin Diving School, Inc., against defendant American Fire Insurance Company alleging coverage under the policy issued by American to the School. American filed an answer to the third-party petition denying coverage under the terms of the policy. Both parties filed motions for summary judgment in furtherance of their respective positions on the issue of coverage.
The lower court granted summary judgment in favor of American ruling that there was no coverage under the terms of the policy. It is the single issue of coverage that now forms the basis of this appeal taken by defendant Riviere.
For the reasons assigned below we affirm the decision of the trial court.
The type of policy here issued by American is termed as “Owners’, Landlords’, and Tenants’ Liability Insurance.” The only question here presented for determination is one of contractual interpretation of that type of policy as it relates to coverage under the circumstances of this case.
Appellant Riviere first contends that the use of an automobile is essential to the activities of the School in transporting pupils and equipment to those areas where it is necessary to go in order to conduct skin diving activities. He argues that since this is an essential part of the School’s activities, it comes within the general coverage provisions of the policy as set forth below:
“I. Coverage A — Bodily Injury Liability
Coverage B — Property Damage
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
A. bodily injury or
B. property damage
to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the in *390 sured premises and all operations necessary or incidental thereto, * * * ”
It is the further contention of appellant Riviere that he is an employee'Operator of mobile equipment within the meaning of the policy so as to be a person insured under the general coverage provisions cited above. Again, the pertinent provisions are as follows:
“II. Persons Insured
Each of the following is an insured under this insurance to the extent set forth below:
******
(e) with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law,
(i) an employee of the named insured while operating any such equipment in the course of his employment, and * * * ”
“Mobile equipment” is defined in the policy as being
“a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the named insured, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;”
Appellant Riviere argues that ambiguity exists in the meaning of “mobile equipment” as used in the policy. He contends that the term is ambiguous because “mobile equipment” as used in the policy to determine persons insured requires one to be operating a vehicle registered under the motor vehicle registration laws, while “mobile equipment” as used in part one of the definition of that term requires the vehicle to be one not subject to registration. This ambiguity, he argues, must be resolved in appellants’ favor under the law thereby yielding coverage to the vehicle involved since it was one registered under the motor vehicle registration laws.
The law with respect to construing insurance policies is set forth in Harmon v. Lumbermens Mutual Casualty Company, 247 La. 263, 170 So.2d 646 (1965), wherein the Louisiana Supreme Court states:
“A contract of insurance, like every other contract, is the law between the parties, and every stipulation therein must be construed as written. Smith v. Washington Nat. Ins. Co., La.App., 178 So. 691. ‘An insurance policy is a contract, and the rules established for the construction of written instruments apply to contracts of insurance. Hemel v. State Farm Mutual Automobile Insurance Company, 211 La. 95, 29 So.2d 483. The words used in such a contract are to be understood in the common and usual signification, without attending so much to grammatical rules as to general and popular use. LSA-C.C. Art. 1946. Also, all ambiguities in the provisions of an insurance policy are to be construed in favor of the insured and against the insurer, subject to the qualification that if the intent of the policy is clearly evidenced by the terms of the contract, then the policy must be given a reasonable interpretation with relation to such intent. * * * ’ Liprie v. Michigan Millers Mutual Insurance Co., La.App., 143 So.2d 597. * * *” 170 So.2d 646, 651.
With respect to appellant Riviere’s second contention of ambiguity, when the *391 stipulations in the policy are construed as written, no ambiguity arises. It becomes clear that the policy in its definition of mobile equipment contemplates two classifications. The first classification includes those vehicles which do not require registration under motor vehicle registration laws. This classification is found in part 1 of the definition of mobile equipment.
The second classification includes those vehicles which do require registration under the motor vehicle registration laws. However, with respect to this classification, it does not include all vehicles that require registration, but only those which meet the requirements of parts 2, 3 and 4 of the definition of mobile equipment.
Appellant admits that the vehicle in question here is one which must be registered under the motor vehicle registration laws. To be considered as mobile equipment under the terms of the policy it would then have to meet the requirements of either parts 2, 3, or 4 of the definition. Under the clear terms of those subparts, said vehicle would not be included.
To adopt appellants’ conclusion of ambiguity would be to ignore the clear intent evidenced by the terms of the policy. Any further pretensions of ambiguity are obliterated by application of La. C.C. Art. 19S5 which states, “All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act.” In looking at the entire policy, the word automobile is defined as not including, and therefore being mutually exclusive of, mobile equipment. The policy states:
“ ‘automobile’ means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment
With respect to appellant Riviere’s first contention that his activities fall within the general coverage provisions, when examining the intent clearly manifested by the policy, it is evident that personal injury and property damage which arise out of automobile operation are excluded. The exclusions under the general coverage provisions state:
“Exclusions
This insurance does not apply:
‡ ‡ 5jC % 5{C ‡
(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
(1) any automobile or aircraft owned or operated by or rented or loaned to the named insured, or
(2) any other automobile or aircraft operated by any person in the course of his employment by the named insured;
* * * * * *
(c) to bodily injury or property damage arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by or rented or loaned to the named insured; * * * ”
Since the policy is the law as between the parties, the decision of the trial court granting summary judgment in favor of American Fidelity Fire Insurance Company must be affirmed.
Affirmed.