465 So.2d 280 (1985)
CITY OF ST. MARTINVILLE, Plaintiff-Appellee,
v.
Paulmer JOHNSON, Defendant-Appellant.
No. 83-1010.
Court of Appeal of Louisiana, Third Circuit.
March 8, 1985.
Writ Denied May 3, 1985.
*281 Hannah & Kaufman, David M. Kaufman, Lafayette, for defendant-appellant.
Paul J. deMahy, St. Martinville, for plaintiff-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
DOUCET, Judge.
The plaintiff-appellee, City of St. Martinville, instituted this action against the defendant-appellant, Paulmer Johnson, seeking the issuance of a preliminary injunction to enjoin the defendant from interfering with the petitioner's possession and control of a tract of land and a judgment recognizing *282 the petitioner as the owner of the property in question. The petitioner subsequently obtained a default judgment recognizing it as the owner of the property on the basis of ten year acquisitive prescription. After perfecting this devolutive appeal, the defendant, Paulmer Johnson, instituted an action against the City of St. Martinville seeking the annulment of the aforementioned default judgment on the basis of LSA.C.C.P. art. 2004. The City of St. Martinville filed an exception of no cause of action which was sustained with an order for Mr. Johnson to amend his petition. The petition was amended but the trial court again sustained the City's exception of no cause of action and dismissed the case. Paulmer Johnson perfected an appeal of this dismissal. The case entitled City of St. Martinville v. Paulmer Johnson, our Docket No. 83-1010 was consolidated on appeal with the case entitled City of St. Martinville v. Paulmer Johnson, 465 So.2d 284. The disposition of both of these cases will be effected in this opinion.
The City of St. Martinville purported to purchase a tract of land situated within the corporate limits of the town from a Mr. Elmer Fontenot by an Act of Cash Deed and Access Easement dated January 26, 1968, that was recorded in the St. Martin Parish Conveyance records. The City then constructed and began the operation of a sewerage pump station on this immovable property. In 1982, the City contracted to have improvements made on the sewerage pump station. When the construction began, Mr. Paulmer Johnson ordered the workers off of the property with the charge that they were trespassing on his property. In response to this charge, the City, on July 5, 1983, filed a petition alleging that it has a title translative of ownership, and has possessed the tract without interruption since 1968. The petition then prayed for a judgment recognizing it as the owner along with a preliminary injunction to enjoin Mr. Johnson from disturbing the City's possession of the property.
The City secured a preliminary default and subsequently confirmed the default judgment that recognized it as the owner of the property. In its reasons for judgment, the trial court said that evidence was introduced which consisted of a plat of survey, an act translative of ownership and the testimony of a City engineer which demonstrated that the City had been in possession of the tract in dispute for a period in excess of ten years. The court added that the City's good faith was presumed because there had been no showing of bad faith. The trial court concluded as a matter of fact and law, that the requisites of ten year acquisitive ownership had been met. The trial court accordingly issued a judgment recognizing the City as the owner of the land in dispute.
In his appeal of this judgment, Mr. Johnson contends that the trial court erred in considering evidence concerning acquisitive prescription at the confirmation proceeding because, in its petition the City did not specifically plead acquisitive prescription. The appellant also contends that the trial court erred in confirming the default on the basis of insufficient evidence.
A default judgment may not be different in kind or form or exceed in amount the demand contained in the petition, i.e., it cannot go beyond the scope of the prayer in the petition. LSA-C.C.P. art. 1703; Graham v. Metzler, 402 So.2d 768, 770 (La.App. 4th Cir.1981). This rule is necessary because the very nature of a default proceeding denies the opposing party of the opportunity to object to an enlargement of the scope of the petition by the admission of evidence tending to prove facts that were not alleged in the petition. Consequently, without this rule, default proceedings could be a ready vehicle for securing unjust judgments. See: Skye v. White, 391 So.2d 553 (La.App. 3rd Cir. 1980). In this case however, the trial court correctly considered evidence concerning acquisitive prescription because the City's petition alleged all of the material facts necessary for a judgment recognizing a title on the basis of ten year acquisitive prescription (i.e., Act translative of title, uninterrupted possession for ten years, and *283 good faith.) See: LSA-C.C. arts. 3475, 3483.
The appellant argues that this evidence should not have been considered because the word "prescription" was not specifically mentioned in the City's petition. This argument is without merit. It is well established that our Code of Civil Procedure sets forth a system of fact pleading. LSA-C.C.P. arts. 854, 891, 1003, 1004. Provided the facts alleged are proved, the party may be granted any relief to which he is entitled under the fact pleading and evidence. The "theory of the case" doctrine is abolished as a pleading requirement or restriction. Cox v. W.H. Heroman & Co., Inc., 298 So.2d 848 (La.1974). Thus according to this principle, the trial court correctly granted a judgment recognizing the City as the owners of the disputed tract on the basis of acquisitive prescription even though prescription was not specifically pleaded in word.
The appellant's next assignment of error concerns the sufficiency of the evidence used as the basis of the default judgment. The appellant contends that the trial court erred in confirming the default because the evidence submitted by the City was insufficient to support a judgment recognizing the City's ownership on the basis of ten year acquisitive prescription. This argument is without merit. In order to obtain a reversal of a default judgment, the defendant must overcome the presumption that the judgment has been rendered on the basis of sufficient evidence and is correct. Philip White Plumbing Co., Inc. v. Baricev/Waguespack, Ltd., 410 So.2d 1247 (La.App. 3rd Cir.1982). Mr. Johnson has not demonstrated any specific error or insufficiency in the evidence which would overcome this presumption. Furthermore, the record does not disclose such an error or insufficiency. Therefore, the default judgment of the trial court will not be reversed on this basis.
Subsequent to the appeal of the aforementioned default judgment, Mr. Johnson filed a petition entitled Paulmer Johnson v. City of St. Martinville, seeking to annul the default judgment on the ground that the judgment was procured through "fraud or ill practices" by the City. LSA-C.C.P. art. 2004 authorizes such an annulment where a judgment is secured through "fraud or ill practices". In this petition, Mr. Johnson in effect alleges that the City had knowledge of Mr. Johnson's valid title to the property but proceeded with its petitory action anyway. The trial court sustained the City's Exception of No Cause of Action and dismissed the suit. The appellant contends that the trial court erred in sustaining the Exception.
For the purpose of determining issues raised by an Exception of No Cause of Action, all well pleaded facts in the petition must be accepted as true. Touchet v. St. Landry Police Jury, 216 So.2d 385 (La.App. 3rd Cir.1968). The record discloses that the allegations in Mr. Palmer's petition may constitute valid defenses (i.e., bad faith possession) to the City's petition but do not constitute "fraud or ill practices" which would justify annulling the default judgment. Great discretion is afforded the trial court in determining what constitutes fraud or ill practices. Succession of Van Skye, 364 So.2d 1361 (La.App. 3rd Cir. 1978). In this case, the trial court held that the petitioner's allegations did not constitute fraud or ill practices but instead may have qualified valid defenses to the City's petitory action. The trial court did not abuse its discretion in so holding. The trial court's judgment which sustained the City's Exception of No Cause of Action is affirmed.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the defendant-appellant.
AFFIRMED.