BROWN, Judge,
dissenting.
Plaintiff rented a room at the Worth Motel on August 12, 1988 for herself and her 6-year old granddaughter. Plaintiff secured the room by insuring that the door was locked before retiring for the night. The granddaughter slept on one bed and plaintiff on the other bed. Plaintiff was awakened to find Mark Douglas McGraw standing over her armed at least with a tire tool. McGraw threatened death to the granddaughter if plaintiff did not do as she was told. McGraw raped plaintiff and then required her to get dressed and go with him to her car. When McGraw drove away in the car, plaintiff was able to jump from the vehicle and escape. McGraw was convicted of rape and sentenced to life imprisonment. This conviction and sentence was affirmed by this court in State v. McGraw, 564 So.2d 727 (La.App. 2d Cir.1990).
The motel was sued by plaintiff, plaintiffs son and the natural tutrix of the minor granddaughter. One of the defendants was Classic Syndicate, Inc. which had in full force and effect an insurance policy covering the Worth Motel at the time of the incident. Classic moved for summary judgment based on a policy endorsement which excluded coverage for claims arising out of assault and battery. This motion for summary judgment was denied by the trial court and writs were taken to this court. In an opinion from this court, the endorsement was found to exclude all damages occurring from the rape and kidnapping. This court determined that the term “assault and battery” embraced rape and kidnapping. This court, however, remanded the case to determine if damages from the wrongful entry could be separated from damages as a result of the assault and battery. Ledbetter v. Concord General Corporation, 564 So.2d 732 (La.App. 2d Cir.1990).
A new motion for summary judgment was filed and denied by the trial court. The evidence presented at this motion showed that the damages from the rape and kidnapping were inseparable from those for wrongful entry and a breach of the innkeeper’s duty.
I believe our initial decision was wrong. An innkeeper owes to his guests a duty of care and protection. A basic element of *116 this innkeeper’s duty is to maintain the premises in a reasonably secured condition and to protect a guest’s right to privacy from an unauthorized entry. The insurance policy sold by defendant, Classic Syndicate, Inc., provided coverage for injuries resulting from a breach of such an innkeeper’s duty and specifically covered personal injuries from wrongful entry.
The endorsement attached to the insurance policy excluded damages arising from an assault and battery. The policy contains no definition of assault and battery. The policy does not explain how an exclusion for McGraw’s intentional crimes relates to the negligent acts of the innkeeper. The endorsement with the exclusion for assault and battery must be strictly construed, and any ambiguity resolved in favor of coverage.
The original opinion of this court as well as the opinion in West v. City of Ville Platte, 237 So.2d 730 (La.App. 3d Cir.1970), avoids the real issue. In West the court found that damages arising from a physical beating by law enforcement officers were not covered due to a similar policy endorsement excluding assaults, but that damages for wrongful arrest and detention were covered. Under the reasoning of the majority of this court, a wrongful arrest and detention would be an assault and battery and this court would have reached a different result. Further, in West the court found the city to be liable for damage resulting from the failure to obtain medical aid. The medical needs of the plaintiff in that case arose out of the battery by the police officers. An attempt to separate these damages is impracticable.
In this case, plaintiff’s injuries occurred because of the innkeeper’s breach of a duty to provide a secure room and protect the right of privacy. The insurance policy covered damages incurred as a result of such a breach of duty by the innkeeper and all the consequences of such a breach should be compensable. The exclusion for assault and battery should not be applicable. An attempt to separate the injuries received as the result of the breach of duty and wrongful entry from the damages that occurred by the rape and kidnapping is unnecessary and unfeasible. Further, the assault and battery provision in the policy is ambiguous as to its application under these circumstances.
I respectfully dissent and would sustain the trial court’s denial of summary judgment with instructions that the exclusion for assault and battery would not apply if the trial court found that plaintiff suffered damages due to a breach of the innkeeper’s duty to provide a secure place and to protect her privacy. Thereafter, all damages would be covered including those resulting from the rape and kidnapping.
Additionally, the granddaughter’s injuries did not result from an assault and battery against her and they should be protected and covered by the insurance policy.
ON APPLICATION FOR REHEARING
On motion of Lucy Wilinda Ledbetter, for reconsideration of the granting of supervisory writs in No. 28,038 on the docket of the Thirty-Ninth Judicial District, Parish of Red River, Hon. Richard N. Ware, Judge.
REHEARING DENIED.
The application for rehearing raises no issues not fully considered by the panel in its ruling dated September 20, 1991.
BROWN, J., disagrees and would grant rehearing.