J^DECUIR, Judge.
This case was submitted to the trial court on stipulated facts, and the primary issue for the court was whether coverage for the plaintiff’s injuries existed under the defendant’s policy. The trial court ruled in favor of , the plaintiff, and the defendant lodged this appeal. For the reasons that follow we reverse the judgment of the trial court.
FACTS
On May 29, 1993, plaintiff, Eddie Ray Du-broc, Jr., jumped from the Kinder Pump Bridge into the Calcasieu River. The twenty-twp .year old plaintiff sustained bilateral ankle fractures when he landed on the river’s bottom. Dubroc subsequently filed suit against the Allen Parish Police Jury to recover damages for personal injury.
The Kinder Pump Bridge is owned by the Allen Parish Police Jury. At the time of Dubroc’s injuries, Titan Indemnity Company had a policy of liability insurance insuring the Allen Parish Police Jury and its members. That policy contained an ^exclusion dealing with the existence or maintenance of streets, roads, highways or bridges. The exclusion reads as follows:
With respect to streets, roads, highways or bridges you own, maintain, construct or control, this insurance does not apply to “bodily injury” or “property damage” arising out of:
1. The existence of streets, roads, highways, bridges, sidewalks, culverts, parking meters, traffic lights and signs, street benches and decorations, public refuse receptacles, safety zone stanchions, light and telephone poles, trees, water hydrants and alarm boxes;
2. The maintenance of the items listed in 1. above, including operations such as ditch cleaning; dragging; dust laying; dusting; *382 erecting or removing of snow fences, road markers, signs or guard rails; maintaining guard rails and posts; oiling; patching; planting on rights-of-way; removing brush; repairing or maintaining culverts; road marking; snow removal; spraying and fumigating; spreading gravel; street cleaning; street or road maintenance; street or road paving or repaving; surfacing, resurfacing or scraping; tarring or sanding; tree pruning; weed or grass cutting; or
3. The ownership, maintenance, operation, use, “loading or unloading” of “mobile equipment” maintained by or for you for use in connection with the activities described in 2. above.
The primary issue before the trial court was whether this policy language excluded coverage for Dubroc’s injuries. The trial judge found the exclusion to be inapplicable because Dubroe’s injuries arose from the police jury’s failure to warn of the dangers of jumping into the river, not from the existence of the bridge. Titan lodged this appeal.
LAW AND DISCUSSION
On appeal, Titan alleges that the trial court erred in finding that its policy provided coverage for Dubroe’s injuries. The crux of Titan’s argument is that the policy language clearly and unambiguously excludes coverage for personal injuries arising out of the existence of bridges. Dubroc counters that the policy language is ambiguous and that his suit is based on the police jury’s failure to warn of the dangers | .-¡inherent in jumping from the bridge and, furthermore, that his injuries arise out of the use of the bridge rather than its existence.
In eases submitted on stipulated facts there are no factual findings by the trial court. Therefore, appellate review is limited to questions of law and should focus on whether the judgment of the district court was legally correct or legally incorrect. Woolf & Magee v. Hughes, 95-863 (La.App. 3 Cir. 12/6/95); 666 So.2d 1128, 1131, unit denied, 96-0073 (La.3/15/96); 669 So.2d 427.
Titan argues that we should apply the case of Andrus v. Police Jury of Parish of Lafayette, 270 So.2d 280 (La.App. 3 Cir.1972) in deciding this case. In Andrus, the relevant policy language provided that:
It is agreed that the insurance does not apply to bodily injury or property damage arising out of
(a) the ownership, maintenance or use of the premises designated in this endorsement or of any property located thereon;
(b) operations on such premises or elsewhere which are necessary or incidental to the ownership, maintenance or use of such premises; or
^ Hí * ‡ ‡
DESCRIPTION AND LOCATION OF PREMISES:
Any highway, street, sidewalk, road, bridge, or other public way.
Id. at 281.
In Andrus, the plaintiff contended that his wife and three children were killed in an automobile accident caused by the Lafayette Parish Police Jury’s negligence in fading to provide signs and safety devices in an area where a parish road ran dangerously close to the Vermillion River. In finding the above policy language clear and unambiguous and upholding the trial court’s grant of summary judgment, we said:
Rather than to search for hidden subtleties and conjectures, our goal in interpreting policy wording is the ascertainment of the apparent object and plain intent of the parties. Hemmel[Hemel] v. State Farm Mutual Automobile Insurance Company, 211 La. 95, 29 So.2d 483 (1947).
***** *
In construing insurance policies, considerations should be given to the fact that the insurer has the right to limit its contracted liability. When this limitation is expressed unambiguously in its coverage exclusions, courts will enforce the provisions as written. West v. City of Ville Platte, 237 So.2d 730 (La.App. 3 Cir.1970). It is inappropriate, moreover, for a court construing an insurance policy provision to attach a strained construction to the words *383 used. Thibodeaux v. Parks Equipment Company, 185 So.2d 232 (La.App. 1 Cir. 1965). In the case at bar, appellants strain the meaning of words in an effort to turn around the clear intent of the parties. How else than by the use of the premises-hazards method employed, could an insurer collate the vast array of intended exclusions in its comprehensive liability policy issued to a municipality? The risks and hazards are too great in number to list and describe each with the certitude appellants would have us require of the insurer.
It is true that the use of words in the communication of intent is less than perfect, and that some misinterpretation however slight is invariably encountered. These normal shortcomings in communication do not however justify judicial rewriting of insurance policies when there is no real ambiguity. Muse v. Metropolitan Life Insurance Company, 193 La. 605, 192 So.2d[So.] 72, 125 A.L.R. 1075 (1939); J.M. Brown Construction Company v. D & M Mechanical Contractors, Inc., 222 So.2d 93 (La.App. 1 Cir.1969).
Id. at 282.
Dubroc argues that Andrus is inapplicable because the exclusion refers to the “ownership, maintenance or use” rather than the “existence” of bridges. We disagree. We believe the term “existence” is broad enough to encompass “ownership, maintenance or use” in that the latter requires the former.
Finally, Dubroc contends that the exclusion does not exclude coverage of the alleged negligence in failing to warn because the exclusion does not explicitly mention negligence of the police jury. This argument lacks merit. Indeed, such a rule of law is not only unsupported by the jurisprudence but would also be absurd. See Andrus, 270 So.2d 280; Alexia v. Stafford, 356 So.2d 482 (La.App. 1 Cir.1977); Foreman v. Maryland Casualty Co., 224 So.2d 553 (La.App. 3 Cir. 1969); See also Huey T. Littleton Claims, Inc. v. Employers Reinsurance Corp., 933 F.2d 337, 340 (5th Cir. 1991). (If an otherwise valid exclusion is read not to cover claims of negligence based on excluded conduct, an insured need only concede independent negligence to circumvent an express exclusion). We cannot countenance such a position.
Accordingly, we find that the exclusion in Titan’s policy clearly and unambiguously excludes coverage for Dubroc’s injuries.
CONCLUSION
For the foregoing reason, the judgment of the trial court is reversed. All costs of this appeal are taxed to appellee, Eddie Ray Du-broe, Jr.
REVERSED.