216 So.2d 137 (1968)
Fleet C. HERRING, Plaintiff-Appellee,
v.
AMERICAN BANKERS INSURANCE COMPANY, Defendant-Appellant.
No. 11080.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1968.
Rehearing Denied December 3, 1968.
Writ Refused January 20, 1969.
*138 Stafford & Pitts, James A. Bolen, Jr., Alexandria, for appellant.
Martin S. Sanders, Jr., Winnfield, for appellee.
Before GLADNEY, BOLIN and PRICE, JJ.
PRICE, Judge.
This is an action seeking to recover benefits under a policy of hospital and surgical indemnity benefits.
Plaintiff, Fleet C. Herring, and his wife, Loma C. Herring, were named as insureds under the policy issued by defendant, American Bankers Insurance Company. Mr. Herring and his wife were each hospitalized at the Columbia Heights Hospital in Columbia, Louisiana, on several occasions during the years 1966 and 1967. The expenses incurred during these confinements, along with penalties and attorney's fees, constitute the amount claimed in this suit. Payment of these claims were refused by defendant for three reasons; (1) that the hospital in which treatment was received was not a recognized hospital as provided in the contract of insurance; (2) that under the provisions of the policy only those expenses resulting from any one illness may be recovered; (3) that only those expenses actually incurred by the insureds may be paid under the policy, and the amount paid to them by Medicare or other policies for this same illness prevent recovery under this policy.
After trial on the merits the district court rendered judgment in favor of plaintiff in the amount of $954.36, as stipulated to be due and owing should defendant be held liable. The judgment rejected the claim for penalties and attorney's fees. From that judgment defendant has perfected this appeal.
The provision of the policy requiring confinement in a recognized hospital as a prerequisite for eligibility for benefits is contained in Part A of the insuring agreement, which reads as follows:
"If such sickness or injury shall require the Insured or a member of the Family Group to be confined within a regularly incorporated or licensed hospital recognized by the American Hospital Association, the American Medical Association or the American Osteopathic Association (except sanitoriums, convalescent homes, health resorts or any government hospital or institution), the Company will pay, as a result of any one sickness or any one injury, the Insured (or the Hospital, if authorized by the Insured to do so), for the following items of hospital expense actually incurred but not to exceed the amounts stated below: * * *."
The undisputed facts reflect that Columbia Heights Hospital was a properly licensed hospital by the State of Louisiana and that it was, at the time of treatment to the insureds, a hospital in the usual and accepted meaning of the word. It had not been recognized by either the American Medical Association, American Hospital Association, or the American Osteopathic Association. The evidence reflected that one other hospital was situated in the town of Columbia which was recognized by these associations.
The district court in its reasons for judgment found that the insureds had been treated in an institution that met the standards *139 of a hospital and refused to apply the restrictive provisions of the policy requiring the hospital to be one recognized by the three named associations. In that court's opinion, to allow the restrictive provision to apply would be in contravention of LSA-R.S. 22:213, A(7), which provides that a policy of hospitalization or industrial accident insurance may not require that services be rendered by a particular hospital or person. The court pointed out that this restrictive provision would, in practical effect, name a particular hospital for persons residing in Columbia, as only the Caldwell Clinic & Hospital was recognized by one of the named associations in that town.
The district judge cited and relied on the case of McKinney v. American Security Life Insurance Co., La.App., 76 So.2d 630 (2nd Cir. 1954). In that case the court held that an insurance policy is a contract to which rules for construction of written instruments apply. It further pointed out that while all ambiguities in the policy must be construed against the insurer, the policy, from the terms of which the parties' intent is evident, must be given a reasonable interpretation consonant with its apparent object and the parties' plain intent.
The McKinney case is distinguishable from the case under consideration. The policy in that case set forth the definition of a hospital as being an institution which, among other things, possessed certain equipment and kept a registered nurse on duty at all times.
The court actually found in that case that the institution involved substantially complied with the requirement that the hospital have X-ray equipment and a registered nurse on duty, although it was mentioned by the court that any technical restrictive provisions might, in practical effect, constitute a violation of LSA-R.S. 22:213, A(7) in small towns where only one recognized hospital exists, the court did not see fit to base its decision on this ground. Therefore, this language in the McKinney case is only dicta.
We do not find any ambiguity in the language used in the restrictive provision of the insurance contract under consideration.
This court, in the case of Sumrall v. Aetna Casualty & Surety Company, 124 So.2d 168, 180, clearly set forth the principles to be followed by the court in construing an insurance contract, as follows:
"* * * However, in construing the provisions of an insurance contract as binding the parties thereto, the words of the agreement will be given their general and popular interpretation and not that which is strained and unusual. LSA-C.C. Art. 14. If the terms are clear and unambiguous, they are to be taken and understood in their plain and ordinary sense. While all uncertainties and ambiguities must be construed in faver of the insured and against the insurer, courts are unauthorized to alter the terms of the policies under the guise of interpretation when they are couched in unambiguous language. Monteleone v. American Employers' Ins. Co., 239 La. 773, 120 So.2d 70; Hemel v. State Farm Mut. Auto. Ins. Co., 211 La. 95, 29 So.2d 483; Edwards v. Life & Casualty Ins. Co. of Tenn., 210 La. 1024, 29 So.2d 50."
It is, therefore, clear that these parties agreed to a contract which requires an insured to receive treatment in a hospital recognized by one of the three named associations.
Only in the event that the restrictive provision is in contravention of a prohibitory statute or against public policy may the court refuse to give it application. The pertinent part of LSA-R.S. 22.213, A(7) reads as follows:
"* * * The policy may, at the insurer's option, also provide that all or a portion of any indemnities provided by any such policy on account of hospital, nursing, medical or surgical services may be paid directly to the hospital or person rendering such services; but the policy may not *140 require that the services be rendered by a particular hospital or person."
We do not construe the provision requiring treatment by a hospital recognized by at least one of the associations named in the policy as naming a particular hospital. The statute is not intended to prevent a provision in a policy requiring an institution to meet certain standards before it may be classed as a hospital within the meaning of the policy. We believe that the intent of the statute in prohibiting the naming of a particular hospital has reference to the specification in the policy that an insured must go to a certain hospital designated in the contract by its trade name. We do not believe that the statute intended to prohibit a contract containing a provision prescribing a quality or status which an institution must possess before it will be included under the definition of an acceptable hospital within the terms of the policy. The statute, we feel, was intended to prevent any practice of favoritism between an insurance company and some particular hospital or institution. This is not the situation in the case under consideration.
It has been argued by defendant that the purpose of the requirement that a hospital be recognized by one of these associations is to make sure the institution can provide adequate treatment for those covered by the policy for the protection of the company and the insured. This restriction could only have one purposeto guarantee a degree of quality. A provision such as is contained here would preclude any argument or disagreement over what is a "hospital", as was the issue in the McKinney case cited heretofore.
The parties have stipulated in their contract of insurance that the policy only covers treatment within a hospital recognized as such by one of the three authorities on hospital standards.
We can find nothing against public policy in this contractual provision. We cannot agree that it is in contravention of the statute prohibiting the naming of a particular hospital. Therefore, the contract must be given effect as written and agreed to by the parties.
The entire amount claimed by plaintiff resulted from treatment of himself and his wife at the Columbia Heights Hospital, which was not recognized in accordance with the policy provisions, and, therefore, the defendant's refusal to pay for this reason was justified under the provisions of the policy.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be reversed and that there be judgment herein in favor of defendant, American Bankers Insurance Company, and against plaintiff, Fleet C. Herring, rejecting his demands at his cost.