258 So.2d 705 (1972)
Mary O. NILES, Plaintiff-Appellant,
v.
AMERICAN BANKERS INSURANCE COMPANY, Defendant-Appellee.
No. 3764.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1972.
*706 Kramer & Kennedy, by Bernard Kramer, Alexandria, for plaintiff-appellant.
Stafford, Pitts & Bolen, by James A. Bolen, Jr., Alexandria, for defendant-appellee.
Before FRUGE, SAVOY and HOOD, JJ.
HOOD, Judge.
Mrs. Mary O. Niles instituted this suit to recover benefits alleged to be due her under a hospitalization insurance policy issued by defendant, American Bankers Insurance Company. She also claims penalties and attorney's fees. The trial court rendered judgment for defendant. Plaintiff has appealed.
The principal issue presented is whether the loss sustained by plaintiff is excluded from coverage under the policy.
Plaintiff was hospitalized in the Baptist Hospital, in Alexandria, from September 25 to September 30, 1970. There was in effect at that time a policy of insurance issued to her by defendant, which provides that the defendant insurer will pay certain benefits to plaintiff if she should be confined as a patient in a hospital. Under the heading of "Exclusions and Limitations," however, the policy provides that:
"This policy does not cover any loss resulting wholly or partly in or from:...... mental or nervous disorder; or hospital confinement for which the principal purpose is diagnosis."
Plaintiff made formal demand on defendant for the loss which she sustained as a result of that hospitalization. Defendant rejected her demand, assigning as its reason for doing so that her loss was "excluded from coverage under the Exclusions and Limitations of your policy." Plaintiff then instituted this suit.
The evidence shows that Mrs. Niles, who was 69 years of age, consulted her physician, Dr. Jack T. Cappel, Jr., in September, 1970, complaining of abdominal pain. Dr. Cappel was unable to determine the exact cause of her pain from the examinations which he made in his office, so on September 25, 1970, he admitted her to the Baptist Hospital "for examination and for tests." She remained in the hospital for five days, and during that time a number of tests were made, including "a complete hemogram, blood counts, urinalysis, electro-cardiogram, chest X-ray and upper G.I. series, X-ray of the intestinal tract."
Although Dr. Cappel felt that plaintiff's complaints warranted putting her in the hospital for treatment, he stated that she was hospitalized "for observation and for tests," and that no treatment was administered to her while she was there except for "some mild sedation." He also testified that after these tests were made, he was unable to give a positive diagnosis as to the cause of her complaints.
Mrs. Niles testified that she went to the hospital upon recommendation of her physician because of "stomach troubles." And, the hospital records indicate that she *707 was admitted to the hospital by her doctor "for observation."
The trial judge concluded that Mrs. Niles was hospitalized principally for the purpose of diagnosis, and that the loss which she sustained as the result of that hospital confinement was specifically excluded from coverage under the policy. Judgment thus was rendered in favor of defendant, rejecting plaintiff's demands.
In absence of a conflict with statutes or with public policy, insurers have the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations. In such an event unambiguous provisions in the insurance contract limiting liability must be given effect. West v. City of Ville Platte, 237 So.2d 730 (La.App. 3 Cir. 1970); Herring v. American Bankers Insurance Company, 216 So.2d 137 (La.App. 2 Cir. 1968). We have been referred to no statute or policy which prohibits an exclusionary clause in an insurance policy, such as the above quoted provisions. The clause is unambiguous, and we think it must be applied here.
The evidence supports the `finding of the trial court that plaintiff's confinement was principally for the purpose of diagnosis, and we agree with the trial judge that under those circumstances plaintiff's loss is specifically excluded from coverage by the quoted provision of the policy.
Plaintiff contends also that a pre-trial stipulation was entered into by the parties limiting the issues in this case to the question of whether plaintiff's hospitalization was for a mental or nervous disorder. She takes the position that the trial judge "voluntarily and improperly interposed and sustained for the defendant herein a defense which was not an issue according to the pre-trial stipulation and which was not one of the issues being tried."
A pre-trial order, issued by the trial judge following a pre-trial conference, states that "Defendant claims that her illness is a mental disorder and also she was in the hospital for evaluation." We think the word "evaluation," as used in that order, is broad enough to include the term "diagnosis." The order thus shows that one of the issues to be determined was whether plaintiff's hospitalization was principally for the purpose of diagnosis. We conclude that the trial judge properly admitted and considered evidence as to whether plaintiff was hospitalized principally for diagnostic purposes, and that he did not err in basing his judgment on a determination of that issue.
Since plaintiff is excluded from coverage under the policy, there is no merit to her claim for penalties and attorney's fees.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.