382 So.2d 1064 (1980)
W. H. FRANKS, Plaintiff-Appellant,
v.
LOUISIANA HEALTH SERVICES & INDEMNITY COMPANY, Defendant-Appellee.
No. 14077.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1980.
*1065 Sanders & Castete, Winnfield, for plaintiff-appellant.
Brittain & Williams, Natchitoches, for defendant-appellee.
Before PRICE, HALL and JONES, JJ.
JONES, Judge.
Plaintiff, W. H. Franks, sued defendant, Louisiana Health & Indemnity Company, for $1,799.60 an amount he alleges is due him because of hospitalization expenses incurred by his children who were covered by defendant's insurance policy. Plaintiff appeals the judgment rejecting his demands. We affirm.
Plaintiff is an employee of the U.S. Forestry Service and is stationed in Winn Parish.
*1066 Plaintiff was eligible to participate in the Federal Employees Health Benefits Program established by 5 U.S.C.A. § 8901 et seq. In 5 U.S.C.A. § 8902(a) the U.S. Civil Service Commission is given the authority to contract with qualified carriers offering health insurance plans as generally described by 5 U.S.C.A. § 8903 to provide health insurance for various federal employees. 5 U.S.C.A. § 8902(b) requires that carriers for this plan must be licensed to issue group health insurance in all the states and in the District of Columbia. Pursuant to this authority defendant entered into an agreement with the U.S. Civil Service Commission and agreed to administer the Federal Employees Health Benefits Program. Defendant alleges, however, that it did not enter into a policy of health insurance in Louisiana under the provisions of the Louisiana Insurance Code but offered no proof or evidence as to this allegation at trial.
Plaintiff's health policy with defendant contained the following exclusionary clause:
"Basic and Supplemental Benefits are NOT provided for the following types of hospital admissions or portions of admissions
.Not medically necessaryi. e., when in the judgment of the Carrier the medical services did not require the acute hospital bedpatient (overnight) setting, but could have been provided in a physician's office, the outpatient department of a hospital, or in a lesser facility without adversely affecting the patient's condition or the quality of medical care rendered. Some examples are:
Admissions primarily for observation or evaluation and/or diagnostic studies that could have been provided safely and adequately on an outpatient basis
Admissions to control or change the patient's environment.
.Custodial carePrimarily to provide room and board (with or without routine nursing care, training in personal hygiene and other forms of self-care) and supervisory care by a doctor for a person who is mentally or physically disabled and who is not under specific medical, surgical or psychiatric treatment to reduce the disability to the extent necessary to enable the patient to live outside an institution providing medical care, or when, despite such treatment, there is no reasonable likelihood that the disability will be so reduced.
.Convalescent care or rest cures
.Domiciliary careProvided because care in the home is not available or is unsuitable.
THE FACT THAT A PHYSICIAN MAY PRESCRIBE, ORDER, RECOMMEND, OR APPROVE A SERVICE OR SUPPLY DOES NOT, OF ITSELF, MAKE IT MEDICALLY NECESSARY OR MAKE THE CHARGE AN ALLOWABLE EXPENSE, EVEN THOUGH IT IS NOT SPECIFICALLY LISTED AS AN EXCLUSION."
It is by virtue of this clause that defendant claims it does not have to pay plaintiff.
Two of plaintiff's children, covered under the policy, were admitted at various times to the Winnfield General Hospital. Plaintiff claims reimbursement for the costs of these hospitalizations.
Dr. George Rodgers, a general practitioner and surgeon, hospitalized Delores, a 12-year old, from January 1 to January 13, 1978 for flu (fever, sore throat and generalized aching). She received cough medicine, nose spray, analgesics (Tylenol) and antibiotics. The bill was $1,002.65.
Dr. John T. Mosley, a general practitioner, placed Delores in the hospital on March 12, 1978 and released her on March 16, 1978. She had a sore throat, swollen tonsils, a low fever, and a high white blood cell count. Dr. Mosley stated he placed Delores in the hospital because "she couldn't swallow well", but Delores was given a regular diet. Delores received oral antibiotics while in the hospital. Her hospital bill was $333.85.
Dr. Mosley also placed Sondra, an 11-year old, in the hospital from March 12, 1978 to March 16, 1978. Sondra was admitted with headaches, acute sinus infection, a low fever, and gastritis. Sondra received antibiotics, *1067 antihistamines, decongestants, pain medicine, and antacids; and her father received a bill for $420.60.
The defendant paid for the first four days of the initial hospitalization expenses incurred by Delores in the month of January. The parties stipulated the total unpaid hospitalization expenses on the three hospitalization periods sued for was the sum of $1,270.50.
Defendant refused to pay for the above hospitalizations because it decided they were not medically necessary, and for this reason were excluded from coverage. Plaintiff contends this determination was arbitrary and capricious and requests penalties and attorney fees.
The trial court construed the policy to give the defendant the right to decide whether hospitalizations were medically necessary and found the defendant's determination that they were not medically necessary to be fairly and reasonably made under all the evidence.
The issues on appeal are (1) did defendant have a right to determine whether the hospitalizations were medically necessary? and (2) did the evidence reasonably justify defendant's decision that the hospitalizations were not medically necessary?
Defendant alleges in its answer that the law of Louisiana (in the form of the Louisiana Insurance Code) is not applicable to this case. However, defendant never offers proof as to which law is indeed applicable. The law is well-settled that unless the law of another state upon which a party relies is placed into evidence, it is presumed that such foreign law is the same as that of the Louisiana forum. Strickland v. TransAmerica Ins. Co., 481 F.2d 138 (5th Cir. 1973); Succession of Gibson, 186 La. 723, 173 So. 185 (1937); Broday v. Broday, 360 So.2d 645 (La.App. 3d Cir. 1978); Johnson v. McCorvey, 344 So.2d 448 (La.App. 2d Cir. 1977); Cambre v. St. Paul Fire & Marine Ins. Co., 331 So.2d 585 (La.App. 1st Cir. 1976); Robertson v. Jimmy Walker Chrysler-Plymouth, Inc., 368 So.2d 747 (La.App. 3d Cir. 1979). We therefore hold that the law of Louisiana is applicable and it will be used to decide whether this exclusionary clause was proper and whether the defendant's decision was reasonable.
In the absence of a conflict with a statute or with public policy, an insurer has the same right as an individual to limit its liability and to impose upon their policy obligations whatever conditions they please. Herring v. American Bankers Ins. Co., 216 So.2d 137 (La.App. 2d Cir. 1968); Niles v. American Bankers Ins. Co., 258 So.2d 705 (La.App. 3d Cir. 1972). Niles dealt with a similar exclusionary clause in plaintiff's health insurance policy with defendant. The exclusion clause construed in the Niles case provided the policy did not cover a loss resulting from hospital confinement for which the principal purpose was a diagnosis. Defendant refused to pay plaintiff's hospital costs because, in its opinion, her confinement was primarily for diagnosis even though her doctor testified her condition warranted putting her in the hospital. The trial court rejected plaintiff's demands and the court of appeal affirmed, finding that this unambiguous provision in the insurance contract limiting liability must be given effect because it was not contrary to a statute or public policy.
Scrutinizing the Insurance Code, we find no statutory provision which conflicts with the exclusionary clause present in this insurance policy. We can also discover no public party which this clause contravenes. It appears, therefore, that the exclusionary clause, which plaintiff's employer contractually agreed to, is within the broad contractual abilities of defendant in limiting its liability and drawing up its policies as it sees fit.
Plaintiff contends that the provisions in the exclusionary clause which provide that the insurer shall make the decision as to whether the hospitalization is "not medically necessary" result in the exclusionary *1068 clause being totally invalid. In brief plaintiff states:
"Defendant is in effect saying that we will sell you this policy of insurance, however, we will not pay unless we want to pay. This is the end result of such a ridiculous and incomprehensible scheme as defendant has placed in its policy."
We construe plaintiff's argument to be analogous to those asserted by defendants in the following potestative condition cases. Stephen L. Guice & Co., Inc. v. Perkowski, 12 So.2d 692 (La.App.Orl.1943); Professional Billing Agency, Inc. v. Tarantino, 350 So.2d 258 (La.App. 4th Cir. 1977); D'Arbonne Sewerage, Inc. v. Sanders, 259 So.2d 417 (La.App. 2d Cir. 1972). In these cases defendants sought to escape liability contending the contract to be a nullity because the obligations were conditioned upon the obligor taking some definitive action under clauses in the contracts bearing some similarity to the exclusionary clause contained in the defendant's policy which we are now interpreting.
The potestative condition is defined by LSA-C.C. art. 2024:
"The potestative condition is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder."
LSA-C.C. art. 2034 provides as follows:
"Every obligation is null, that has been contracted, on a potestative condition on the part of him who binds himself."
This article is explained by LSA-C.C. art. 2035, which makes it clear that not all potestative conditions nullify a contract:
"The last preceding article is limited to potestative conditions, which make the obligation depend solely on the exercise of the obligor's will; but if the condition be, that the obligor shall do or not do a certain act, although the doing or not doing of the act, depends on the will of the obligor, yet the obligation depending on such condition, is not void."
The jurisprudence establishes that only those potestative conditions which are dependent solely upon the will, whim, or caprice of the obligor invalidate the contract. See Guice, Professional Billing, and D'Arbonne, supra. If the condition shows on its face that the obligor may or may not fulfill his obligation as per his desire, then the obligation is null. However, if the condition imposes on the obligor the duty of making a sincere effort to fulfill the obligation, then the fact that the obligor is in a position to hinder or prevent the execution of the contract does not make the contract null. The cited decisions set forth the rule that the obligor has the duty to reasonably perform the condition which is a condition precedent to the obligation.
The defendant here was under an obligation to make an honest, sincere effort to determine whether hospitalizations creating expenses, the payment of which is claimed under its policy, were medically necessary. Defendant was not free to bring in unqualified laymen to make such a decision but was required to make a good faith effort by use of medical experts to determine the necessity of hospitalization. The defendant had two physicians evaluate the hospital records covering the hospitalizations that are the basis for the claim here asserted and they concluded that the hospitalizations were not medically necessary. We agree with the trial court that the evidence supports a balanced and expertly made decision as to the lack of necessity of the hospitalizations wherein the expenses here sued upon were incurred. The defendant did not make an arbitrary, capricious decision.
Because the evidence fully supports the defendant's determination as to the lack of necessity for the hospitalizations wherein the expenses herein sued upon were incurred, there is no manifest error in the trial court's decision rejecting plaintiff's claim. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
*1069 The decision is AFFIRMED at appellant's cost.