CHEHARDY, Judge.
Applicant, ContiCommodity Services, Inc. (ContiCommodity), has applied to this Court for writs and a stay order. It complains of the correctness of a judgment denying its dilatory exception of prematurity for failure of plaintiffs to resort to arbitration.
*691 As this matter has been fully briefed by the applicant and the respondents, and as there is no dispute about the facts, there is no need to issue certiorari.
Plaintiff Peter Giacona accepted employment as an account executive/registered commodity representative on June 2, 1975 and received correspondence dated June 5, 1975 which set forth the various terms and conditions of his employment. One such condition provided that any controversy between Giacona and ContiCommodity arising out of his employment or the termination of his employment shall be settled by arbitration.
Plaintiff Cheryl L. Morgan accepted a position as an account executive/registered commodity representative with ContiCom-modity on February 11, 1981 and executed an employment contract with that party which provided that any controversy arising out of her employment or its termination shall be settled by arbitration.
LSA-R.S. 9:4201 provides that any written contract to settle by arbitration a controversy arising out of the contract * * * shall be valid, irrevocable, and enforceable, save upon such grounds as exists at law or in equity for the revocation of any contract.
Respondents argue that LSA-R.S. 9:4216, which provides that nothing contained in that chapter shall apply to contracts for employment of “labor”, effectively prevents this controversy from being subject to arbitration. However, as noted in Wright v. Round the Corner Restaurants of La., Inc., 252 So.2d 341 (La.App. 4th Cir. 1971), the word “labor” as used in LSA-R.S. 9:4216 does not include the performance of mental tasks, managerial skills or those employees recognized generally as professional men and women. Clearly, the contracts in suit do not involve “labor” as used in the statute and, accordingly, the controversy is subject to arbitration.
We hold, therefore, that under LSA-R.S. 9:4201 the employment agreements between the parties in this case, calling for arbitration to settle any disputes between them, are enforceable, and the defendant’s dilatory exception of prematurity should have been sustained by the trial court.
For the reasons assigned, the judgment is reversed, the exception of prematurity is maintained, and plaintiffs’ suit is dismissed at their cost in both courts.
REVERSED.