SCHOTT, Judge.
This is a claim for 1) commissions allegedly earned by plaintiffs, Peter Giacona and Cheryl L. Morgan, while employed by defendant, 2) penalties and attorney fees pursuant to LSA-R.S. 23:631 and 632, and 3) the balances on deposit by plaintiffs in savings accounts held by defendant. Defendant responded with a dilatory exception of prematurity pursuant to C.C.P. Art. 926(1) on the ground that plaintiffs had agreed to submit such disputes to arbitration when they accepted employment by defendant. After the trial court overruled the exception, defendant successfully invoked the supervisory jurisdiction of this court. We held that the employment contracts calling for arbitration were enforceable, reversed the trial court and dismissed the suit. Giacona v. Conti Commodity Services, Inc., 409 So.2d 690 (La.App. 4th Cir.1982). However, the Supreme Court, 413 So.2d 487 (La.1982), granted plaintiffs’ application for writ of certiorari and review and made the following disposition of the case:
“February 19, 1982
*743 Writ granted. Judgment of the Court of Appeal is reversed. The Court of Appeal apparently decided this case on the strength of an exhibit to a writ application, an exhibit not made part of the record in the trial court. The case is remanded to the district court for re-trial of the exception of prematurity, with the parties being afforded the opportunity to introduce all relevant evidence.”
The record is unclear as to what the trial on remand consisted of. It contains a request for admissions submitted by defendant to plaintiffs on February 24, 1982, plaintiffs’ answer to the request on March 5 and an affidavit by defendant’s local manager dated May 14. However,' there is no testimony or note of evidence so that the case was apparently submitted simply on the admissions and the affidavit. On May 18 the trial court sustained defendant’s exception and dismissed plaintiffs’ suit from which judgment they have appealed.
In answer to the request for admissions plaintiffs acknowledged the authenticity of their signatures on two documents which purport to be employment contracts between plaintiffs and defendant. The first is a letter to defendant by plaintiff, Giaco-na, dated August 6, 1975, which concludes as follows:
“It is understood that any controversy between us arising out of my employment or the termination of my employment shall be settled by arbitration in accordance with the arbitration procedure prescribed in the rules then obtaining of the Chicago Board of Trade.”
The second document is a letter to defendant by plaintiff, Morgan, dated February 11, 1981, which concludes as follows:
“I agree that any controversy between us arising out of my employment or the termination shall be settled by arbitration in accordance with the arbitration rules of the Chicago Board of Trade then in effect.”
The trial court found that these letters were contracts between the parties to arbitrate the claims and effectively ordered arbitration by dismissing the suit.
In this court plaintiffs contend that the letters do not constitute contracts to arbitrate, the enforcement to arbitrate would violate public policy of workers’ rights, there is no dispute with respect to plaintiffs’ claim for interest on their savings such as to warrant arbitration, and the rights of plaintiffs would be prejudiced if they were forced to arbitrate before the Chicago Board of Trade. Defendant stands pat on the general rules that arbitration is favored and that parties who agree to such are bound to carry out their agreement to arbitrate. We are disposed to decide this case on other grounds.
The letters signed by plaintiffs incorporate by reference the arbitration procedure prescribed by the Chicago Board of Trade. However, neither of the parties saw fit to introduce the rules of this Board. As far as the record is concerned we can only speculate that these rules would permit the Board to hear this dispute. Before their suit is dismissed, plaintiffs are entitled to a judicial determination that the Board will entertain their case and such a determination can only be made upon reference to the rules of the Board.
In their brief to this court plaintiffs included a copy of the Board’s arbitration rules sent to them by defendant on June 14, 1982. Section 610.00 of these rules provides as follows:
“610.00 What Disputes May be Arbitrated — The policy of the Association is to encourage, but not to compel, the arbitration of disputes. Persons (members or non-members) desiring to arbitrate any dispute shall notify the Secretary, who shall thereupon submit to the parties for their signatures, a form of agreement, submitting the dispute to arbitration. The rules in this Chapter 6 shall be an integral part of every arbitration agreement, and the signatures of the parties to such agreement shall be their conclusive consent that these Rules will govern the proceedings. After the parties have signed such agreement, the Secretary shall refer the dispute to the Committee of Arbitration.”
*744 Several problems arise from this section which should be considered by the trial court. The policy of the Board is apparently to entertain only voluntary submission of disputes by both parties. Furthermore, in order for the Board to become involved it must have a notification by plaintiffs as well as defendant that they now desire to arbitrate. Finally, upon receipt of such notice the Board’s Secretary secures the signatures of the parties, i.e., plaintiffs and defendant on a form of an agreement.
Considering these provisions it seems that the letters signed by plaintiffs may not constitute agreements to arbitrate before the Chicago Board of Trade since such agreements can only be confected in accordance with Section 610.00 quoted above. The trial judge should consider the agreements in the light of whether they contain potestative conditions under C.C. Arts. 2024, 2034 and 2035. They may be nothing more than agreements to agree or not on something further, considering the Board’s Section 610.00. The following from Franks v. Louisiana Health Ser. & Indem., 382 So.2d 1064 (La.App. 2nd Cir.1980) seems pertinent:
“The jurisprudence establishes that only those potestative conditions which are dependent solely upon the will, whim, or caprice of the obligor invalidate the contract. See Guice, Professional Billing, and D’Arbonne, supra. If the condition shows on its face that the obligor may or may not fulfill his obligation as per his desire, then the obligation is null. However, if the condition imposes on the obli-gor the duty of making a sincere effort to fulfill the obligation, then the fact that the obligor is in a position to hinder or prevent the execution of the contract does not make the contract null. The cited decision set forth the rule that the obligor has the duty to reasonably perform the condition which is a condition precedent to the obligation.”
(emphasis added).
According to the rules of the Chicago Board of Trade it will entertain a case only if the parties “desiring to arbitrate” notify the Board’s Secretary. It may be that such notification of the Board’s Secretary was a condition in each letter which plaintiffs “may or may not” carry out today when it comes time to commence arbitration. The trial judge should consider these issues in the light of the rules of the Board of Trade.
This case is distinguishable from Wright v. Round the Corner Restaurants of La., Inc., 252 So.2d 341 (La.App. 4th Cir.1971). There the arbitration agreement specifically provided that arbitration would be conducted in Denver, Colorado, and the court concluded that the “fairness” of this arrangement was not in question because the parties were bound by their agreement. In the instant case the letter agreements did not specify that arbitration would take place in Chicago and, standing alone, are somewhat ambiguous on the point. The court may reach a different result from the cited case, especially considering that plaintiff, Morgan, is claiming but $258.13 in unpaid commissions.
We are mindful of the problem that we do not ordinarily consider material outside the record and, yet, we are influenced by the Board of Trade Rules which have come to our attention through plaintiffs’ brief. C.C.P. Art. 2164 provides that our judgment should be “just, legal, and proper.” Considering that the case was previously remanded to the trial court “with the parties being afforded the opportunity to introduce all relevant evidence” and that the rules of procedure of the Chicago Board of Trade are especially relevant to a determination of the rights of the parties, we have concluded that the case should again be remanded to the district court.
We have also considered whether the action we are taking is contrary to the previous decision of this court in this same ease such as to fly in the face of the law of the case doctrine or the policy of this court that one panel does not reverse another panel of the court. This presents no problem because the basis for our present decision is the content of the Board’s arbitration rules which was not available to the *745 previous panel as it was not available to the trial court.
Accordingly, the judgment appealed from is reversed and set aside and the case is remanded to the district court for the purpose of allowing the rules of procedure of the Chicago Board of Trade as to arbitration to be introduced into evidence along with any other relevant evidence the parties may wish to introduce and for the trial court to consider such evidence and decide the case in accordance with the views expressed herein.
REVERSED AND REMANDED.